NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC WASHINGTON, *pro se*, | : |
| Plaintiff, | : Civ. No. 03-2855 (GEB) |
| v. | : OPINION |
| JAMES D. DONEGAN (individually), JOHN G. LAKY, SR. (individually), DAVE HEATER (individually), JODY EMERY (individually), TONI LATARIO (individually), FRANK BUCSI (individually), COUNTY OF WARREN, WARREN COUNTY BOARD OF CHOSEN FREEHOLDERS, WARREN COUNTY EXECUTIVE STEVE MARVIN, WARREN COUNTY PROSECUTOR'S OFFICE (A Governmental Agency), JOHN and JANE DOE(S) names fictitious, Individually, Jointly and Severally, | : |
| Defendants. | : |

**BROWN, District Judge**

This matter comes before the Court upon plaintiff Eric Washington's ("Plaintiff") motion to reopen this case. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Plaintiff's motion.

**I.    BACKGROUND**

On June 12, 2003, Plaintiff filed a complaint against the defendants in this action (collectively "Defendants"). Plaintiff was an East Orange Police Officer at the time of the incidents alleged in his complaint. (July 14, 2004 Mem. Op. at 2.) This action arose out of a

1

domestic dispute between Plaintiff and his wife, Defendants' subsequent investigation and prosecution of matters relating to that dispute, and Defendants' seizure of Plaintiff's personal and service weapons.  *Id*.  Plaintiff alleged that Defendants maliciously prosecuted and racially discriminated against him in violation of his constitutional, statutory and New Jersey common law rights.  *Id*.

On July 14, 2004, the Court dismissed Plaintiff's action for failure to state a claim.  Plaintiff moved for reconsideration, and the Court denied that motion on September 3, 2004.  On August 12, 2004, Plaintiff appealed the Court's dismissal.  On April 14, 2005, the Third Circuit Court of Appeals affirmed the Court's decision.  On January 9, 2006, Plaintiff filed the instant motion seeking to reopen his case.

## II. DISCUSSION

Plaintiff argues that his case should now be reopened for two reasons.  First, Plaintiff argues that he should be granted relief pursuant to Federal Rules of Civil Procedure Rule 60(b)(1)-(3).  Second, he argues that the Court's dismissal of his case wrongfully denied him of his right to a trial by jury as provided by Rule 38.  Neither of these rules, however, entitles Plaintiff to the relief that he seeks.

Rule 60(b) provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The rule further provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment,

order, or proceeding was entered or taken." *Id.*

Plaintiff's motion for relief pursuant to Rule 60 fails, for two reasons. First, Plaintiff does not provide any support to show that the Court's dismissal falls into any of the categories outlined in Rule 60 that would qualify for relief under that rule. Second, Plaintiff has failed to seek relief within a reasonable time. The Court dismissed Plaintiff's complaint on July 14, 2004, and approximately eighteen (18) months passed before Plaintiff filed the instant motion.

Plaintiff also argues that the Court wrongfully dismissed the complaint because he is entitled to a trial by jury pursuant to Federal Rules of Civil Procedure Rule 38. That right to a jury trial, however, exists only in cases involving triable issues. *See* Fed. R. Civ. P. 38(b) ("[a]ny party may demand a trial by jury of any issue triable of right by a jury . . .). The Court dismissed the complaint because "no relief could be granted under any set of facts that could be proved consistent with the allegations [made in the complaint]." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). There is, therefore, no triable issue of fact in this case, and Rule 38 does not apply.

### III.   CONCLUSION

For the above reasons, Plaintiff's motion to reopen this case is denied. An appropriate form of order is filed herewith.

Dated:   March 16, 2006

                                                                   s/ Garrett E. Brown, Jr.
                                                        GARRETT E. BROWN, JR., U.S.D.J.