<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ERIC WASHINGTON, *pro se*, | : | |
| Plaintiff, | : | Civ. No. 03-2855 (GEB) |
| v. | : | **OPINION** |
| JAMES D. DONEGAN (individually), JOHN G. LAKY, SR. (individually), DAVE HEATER (individually), JODY EMERY (individually), TONI LATARIO (individually), FRANK BUCSI (individually), COUNTY OF WARREN, WARREN COUNTY BOARD OF CHOSEN FREEHOLDERS, WARREN COUNTY EXECUTIVE STEVE MARVIN, WARREN COUNTY PROSECUTOR'S OFFICE (A Governmental Agency), JOHN and JANE DOE(S) names fictitious, Individually, Jointly and Severally, | : | |
| Defendants. | : | |

<u>**BROWN, Chief District Judge**</u>

This matter comes before the Court upon plaintiff Eric Washington's ("Plaintiff") Motion for Reconsideration [Docket Entry #42] of the Court's March 16, 2006 Opinion and Order denying Plaintiff's request to reopen the case. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions and having decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Plaintiff's motion.

**I.    PROCEDURAL BACKGROUND**

On September 12, 2003, Plaintiff filed a Civil Complaint alleging Title VII violations, § 1983 violations, New Jersey LAD violations, negligence and intentional infliction of emotional distress.

1

On July 14, 2004, the Court dismissed Plaintiff's action for failure to state a claim. Plaintiff moved for reconsideration, and the Court denied that motion on September 3, 2004.

On August 12, 2004, Plaintiff appealed the Court's dismissal. On April 14, 2005, the Third Circuit Court of Appeals affirmed the Court's decision.

On January 9, 2006, Plaintiff filed a motion seeking to reopen his case. On March 16, 2006, the Court denied Plaintiff's motion.

Plaintiff filed the instant motion for reconsideration of the Court's March 16, 2006 denial on April 12, 2006.

## II.     PLAINTIFF'S MOTION

In his fourth attempt to revive the instant civil action, Plaintiff alleges that the Court's July 14, 2004 dismissal and the Third Circuit's April 14, 2005 affirmation of said dismissal were "erroneous and misplaced." Plaintiff further alleges that the Court erred in its determination regarding qualified immunity and Plaintiff's right to a jury trial. In conclusion, Plaintiff argues a new claim of malicious prosecution.

## III.    DISCUSSION

### A.   Plaintiff is Procedurally Barred from Raising a L.Civ.R. 7.1 Motion.

Plaintiff's Motion for Reconsideration is untimely and shall be denied. Specifically, L.Civ.R. 7.1(i) provides that a motion for reconsideration must be served and filed within ten days after the entry of the originating order or judgment.

Here, the March 16, 2006 Order by this Court was entered by the Clerk of the Court on March 20, 2006. The deadline for filing a motion for reconsideration was ten days beyond that date, or in this case, March 30, 2006. Plaintiff filed his Motion for Reconsideration on April 12, 2006. Plaintiff's instant motion is therefore untimely pursuant to L.Civ.R. 7.1(i) and is denied.

### B.   Plaintiff Fails to Provide New Factual Information or Controlling Decisions of Law to Substantively Sustain a Motion for Reconsideration.

Assuming, *arguendo*, that Plaintiff's Motion for Reconsideration is timely, it nevertheless fails to provide new factual information or controlling decisions of law beyond the material

originally submitted by Petitioner in support of the underlying motion to reopen the case. Because Plaintiff fails to substantively satisfy the requirements of a motion for reconsideration, his motion shall be denied.

L.Civ.R. 7.1(g) provides that a motion for reconsideration is to be granted only if a court overlooked certain factual matters or controlling decisions of law.  Further, a court entertains a motion for reconsideration only if that court overlooked matters that might reasonably have resulted in a different decision.  *See United States v. Compaction Systems Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999).  Courts are cautioned that reconsideration is an extraordinary remedy to be granted sparingly.  *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 353 (D.N.J. 2001).  Reconsideration is not appropriate where the motion only raises a party's disagreement with the original decision rendered by a court, *Bowers v. National Collegiate Athletic Association*, 130 F.Supp.2d 610, 612-613 (D.N.J. 2001), and mere disagreement with a court will not suffice to show that said court overlooked relevant facts or controlling law.  *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999).

Plaintiff's instant motion offers no new information to substantively refute the prior determinations of this Court.  Plaintiff recapitulates his misunderstanding regarding the right to a jury trial, as well as the doctrine of qualified immunity.  Further, Plaintiff fails to raise any new law which would be necessary to have the Court revisit these previously thoroughly contemplated issues.

Plaintiff does allege a new claim of malicious prosecution.  However, the time has well passed to permit Plaintiff to assert any new claims.  Indeed, as the case is dismissed, there is no longer a civil action in existence with which to add such claims.

Therefore, Plaintiff has failed to assert new law or new facts to support a motion for reconsideration under L.Civ.R. 7.1.  Plaintiff's Motion for Reconsideration shall be denied.

## IV. CONCLUSION

For the above reasons, Plaintiff's Motion for Reconsideration is denied. An appropriate form of order is filed herewith.


Dated: June 6, 2006

> s/ Garrett E. Brown, Jr.
> HONORABLE GARRETT E. BROWN, JR.
> CHIEF UNITED STATES DISTRICT JUDGE